UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| EBERAIA FIELDS, | |
| Petitioner, | |
| v. | CAUSE NO. 1:25-CV-60-PPS-JEM |
| SHERIFF, | |
| Respondent. | |

OPINION AND ORDER

Eberaia Fields, a prisoner without a lawyer, filed a habeas petition in connection with his convictions in Case No. 09D01-2104-F6-79 and in Case No. 09D01-1802-F6-64 in the Cass County Superior Court. [ECF 1.] He then filed a motion to amend the habeas petition [ECF 3], which I grant pursuant to Fed. R. Civ. P. 15(a)(1). Pursuant to Section 2254 Habeas Corpus Rule 4, I must dismiss the amended petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing § 2254 Cases.

Though presented in various formulations, the crux of the amended petition is Fields' argument that he should be immediately released because he has served his sentences in two State criminal cases in their entirety. In other words, Fields appears to be challenging the calculation of his sentences. Before granting habeas relief, I must ensure that the petitioner has exhausted all available remedies in State court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts . . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Id.* at 1025-26. Until exhaustion has occurred, federal habeas relief is not available. *Id.*

Under Indiana law, inmates may challenge their sentence calculations by filing a petition for post-conviction relief or a petition for a writ of habeas corpus depending on the specific nature of their claims. *Willet v. State*, 151 N.E.3d 1274, 1278 (Ind. Ct. App. 2020); *Hardley v. State*, 893 N.E.2d 740, 743 (Ind. Ct. App. 2008). According to the initial petition, Fields has only recently become aware of this claim and has not yet presented it at each level of the State courts. [ECF 1 at 1-3.] Further, upon review of the State court electronic dockets,[1] it appears that Fields may have presented his claims to the Cass County Superior Court, but there is no indication that he has presented them at the appellate level. Therefore, I will dismiss this case without prejudice because Fields has not exhausted his State court remedies.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Fields seeks habeas relief under Section 2241 rather than under

---

[1] Pursuant to Fed. R. Evid. 201, I take judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

Section 2254, so the statute of limitations set forth in Section 2244(d)(1) does not apply. *See* 28 U.S.C. § 2244(d)(1) (applying the limitations period to petitions "by a person in custody pursuant to a *judgment* of a State court"); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008) ("[P]risoners who seek to collaterally attack a conviction or sentence must satisfy the procedural requisites of § 2254 or § 2255 . . . , but persons challenging detention that is not pursuant to a judgment, or challenging the execution of their sentence, need not."); *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) ("[T]here is no statute of limitations applicable to a federal prisoner's filing a section 2241 petition."); *White v. Lambert*, 370 F.3d 1002, 1008 (9th Cir. 2004) ("If we were to allow White to proceed under 28 U.S.C. § 2241, he would not be subject to the one-year statute of limitations provision of AEDPA, 28 U.S.C. § 2244(d)(1).") (cleaned up). Because dismissing this case will not effectively end Fields' chance at habeas corpus review by rendering his sentence calculation claims untimely, a stay is not appropriate for this case.

     Pursuant to Section 2254 Habeas Corpus Rule 11, I must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or

for encouraging Fields to proceed further in federal court until he has exhausted his claims in State court.

For these reasons, the court:

(1) GRANTS the motion to amend [ECF 3];

(2) DISMISSES without prejudice the amended petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are unexhausted;

(3) DENIES Eberaia Fields a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(4) DIRECTS the clerk to close this case.

SO ORDERED on March 11, 2025.

/s/ Philip P. Simon  
JUDGE  
UNITED STATES DISTRICT COURT